UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

UNITED STATES OF AMERICA,           §
                                    §
    Plaintiff,                      §
                                    §
VS.                                 §
                                    §   CIVIL ACTION NO. 7:08-cv-00202
                                    §
22.174 ACRES OF LAND, more or less, in §
STARR COUNTY, TEXAS; and PABLO      §
A. RAMIREZ, INC.,                   §
                                    §
    Defendants.                     §

## FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rule of

Civil Procedure 54. Having considered the parties' joint stipulation and motion to establish and

disburse just compensation,[1] the Court **ORDERS, ADJUGES**, and **DECREES** that:

The United States is granted fee simple absolute interest and immediate possession over

the Subject Property, specifically parcel number RGV-RGC 1043-1 consisting of 22.174 acres of

land, as described in the United States' Schedule CCC and Schedule DDD,[2] subject to existing

easements for public roads and highways, public utilities, railroads, and pipelines; excepting and

excluding all interests in minerals and appurtenant rights for exploration, development,

production and removal of said minerals; further excepting and excluding all interests in water

rights and water distribution and drainage systems, if any, provided that any surface rights

arising from such water rights or systems are subordinated to the public purposes for which the

property is taken. The United States' interest granted by this judgment also reserves the

following rights and interests in the property being acquired by the United States to Pablo A.

Ramirez, Inc., its successors and assigns and all subsequent owners, as described herein: an

---

[1] Dkt. No. 75.
[2] Dkt. No. 70-1 at 6–14.

easement appurtenant and continuous and uninterrupted right-of-way over, under, and across the land acquired by the United States for the purpose of using and developing water rights, including but not limited to the construction and maintenance of underground water lines and associated above-ground facilities, as well as the right to vehicular and pedestrian ingress and egress over, along, and across any roadway constructed by the United States, except in case of an emergency, provided that such interests are subordinated to the public purposes for which the property is taken and to the extent necessary for the United States to exercise its authority under 8 U.S.C. § 1357 and the implementing regulations thereof. Without limiting the foregoing, Pablo A. Ramirez, Inc., its successors and assigns and all subsequent owners, shall have the specific right to construct one paved road crossing of at least 50 feet (50′) in width, the precise location of which will be subject to the United States' approval, but which approval shall not be unreasonably denied, conditioned, or withheld. The United States must use its interest granted by this judgment for the public purposes for which the property is taken: to construct, install, operate, and maintain roads, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas, but not including fencing or a wall. All those who interfere with or are inconsistent with the United States' interest are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interest granted by this final judgment.

The total sum of two hundred seventy-eight thousand, two hundred thirty dollars ($278,230.00), together with any interest earned while on deposit in the registry of the Court,[3] is just compensation under the Fifth Amendment to the United States Constitution for the foregoing taking and fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. All taxes, liens, encumbrances, and charges of whatever nature existing against the interest in the Subject Property as of November 5, 2020, shall be deducted from the compensation distributed by this final judgment. The Court **ORDERS** the Clerk of the

---

[3] *See* 40 U.S.C. § 3116.

Court to disburse the full amount of just compensation on deposit in the Court's registry,[4] together with any interest, payable to the order of[5] "McFarland PLLC for the benefit of Pablo A. Ramirez, Inc." instanter.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendant Pablo A. Ramirez, Inc. shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of its receipt of compensation to the date of repayment into the registry of the Court until further order of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendant Pablo A. Ramirez, Inc. Defendant Pablo A. Ramirez, Inc. shall not appeal this final judgment. Defendant Pablo A. Ramirez, Inc. shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interest in the Subject Property as of November 5, 2020. Each party is to bear its own costs and legal fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. This is a final judgment for which execution may issue as allowed by law.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 21st day of December 2020.

_____
Micaela Alvarez
United States District Judge

---

[4] *See* Dkt. Nos. 4, 31, 69.

[5] *Cf.* TEX. BUS. & COM. CODE ANN. § 3.109(b) (West 2020) (providing for checks payable to the order of an individual).

